UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON

------------------------------

CIVIL ACTION #

------------------------------

Jeffrey Warren Spinney
Petitioner,

V.

United States of America
(AUSA: Timothy Feely, &
USA: Michael J. Sullivan)
Respondents.

------------------------------

Petitioner: Jeffrey Warren Spinney's
Motion Via: Federal Rules of Civil Procedure
Rule 60(b)(6)
With Supportive Appendix & Exhibits

------------------------------

Respectfully Submitted By
Petitioner/Claimant/Affiant:

*Jeffrey Martin Spinney*

Jeffrey Warren Spinney
15468-018
FCI McKean
P.O. Box 8000
Bradford, Pennsylvania
16701

("Pro Per In Propria
 Persona Proceeding
 Sui Juris")

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON

| | |
|---|---|
| Jeffrey Warren Spinney<br>Petitioner, | Criminal Action<br>#93-10345-DPW. |
| v. | Civil Action<br>#_____. |
| United States of America<br>(AUSA: Timothy Feely, &<br>USA: Michael J. Sullivan)<br>Respondents. | Honorable:<br>Douglas P. Woodlock,<br>U.S. District Court<br>Judge (D.Mass/Boston). |

MOTION BY JEFFREY WARREN SPINNEY FOR RELIEF FROM
JUDGMENT VIA: FEDERAL RULES OF CIVIL PROCEDURE
RULE 60(b)(6)

COMES NOW, Jeffrey Warren Spinney, Pro Per In Propria Persona Proceeding Sui Juris, in the above captioned case & titled motion/claim/affidavit, pursuant to (Federal Rules of Civil Procedure Rule 60(b)(6), hereinafter referred to as 'FRCP 60(b)(6)'), respectfully moves this Honorable Court for relief from the effect of the Order entered by this Court on: **7-8-94 & 9-9-96**, Sentence & Judgment of Petitioner: Spinney, sentenced to: **262 months**, via: Aiding & Abetting 18 U.S.C. §2, even-though Spinney's indictment did not return a True Bill via: Title 18 U.S.C. §2, Aiding & abetting, indictment, in violations of United States Supreme Court Case Law Authority: Stirone v. United States, 361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct. 270 [No. 35] Argued: November 9, and 10, 1959; Decided: January 11, 1960, is law of the land case that has never been reversed.  See EXHIBIT: U.S. v. Spinney, CR-93-10345-DPW, Appendix # **1-19**.
**(Indictment)**

Petitioner, in the alternative moves this Court to otherwise strike the Procedurally & Factually Flawed Indictment, Conviction & Sentence of Petitioner: Spinney, (hereinafter referred to as 'Spinney') via: this Motion pursuant to FRCP 60(b)(6), and Memorandum filed which precipitated the Court Order Judgment & Conviction of Spinney.

## JURISDICTION

If Spinney's claim of fraud upon the Court is deemed improperly filed pursuant to FRCP 60(b)(6), it may still be treated as a motion addressed to the inherent power of the Court to set aside a judgment procured by fraud upon the Court: United States v. Buck, 281 F.3d 1336, 1339 (10th Cir.2002). Also see: Newly decided United States Supreme Court: Gonzalez v. Crosby, No. 04-6432, On Writ of Certiorari To The United States Court Of Appeals For The Eleventh Circuit No. 04-6432. Argued: April 25, 2005; Decided: June 23, 2005. FRCP 60(b)(6), which permits a Court to relieve a party from the effect of a final judgment. Although the title "Motion to Alter or Amend Judgment" suggest--that petitioner was relying on FRCP 59(e), the substance of the motion made clear that petitioner sought relief under FRCP 60(b)(6).

AEDPA did not expressly circumscribe the operation of Rule 60(b). (By contrast, AEDPA directly amended other provisions of the Federal Rules. See, e.g., AEDPA, §103, 110 Stat. 1218 (amending Fed.R.A.P. 22)).

(2)

The new habeas restrictions by AEDPA are made indirectly
relevant, however, by the fact that Rule 60(b), like
the rest of the Rules of Civil Procedure, applies in
habeas corpus proceedings under 28 U.S.C. §2254, only
"to the extent that [it is] not inconsistent with" applicable
federal statutory provisions and rules. 28 U.S.C. §2254
Rule 11; see Fed. Rule Civ. Proc. 81(a)(2). The relevant
provisions of the AEDPA amended habeas statutes, 28
U.S.C. §§2244(b)(1)-(3), impose three requirements on
second or successive habeas petitions: First, any claim
that has already been adjudicated in a previous petition
must be dismissed. §2244(b)(1). Second, any claim that
has not already been adjudicated must be dismissed unless
it relies on either a new and retroactive rule of constitut-
ional law on new facts showing a high probability of
"Actual Innocence." §2244(b)(2). Third, before the
district court may accept a successive petition for
filing, the court of appeals must determine that it
presents a claim not previously raised that is sufficient
to meet §2244(b)(2)'s new-rule or "Actual-Innocence"
provisions. §2244(b)(3). In Spinney, supra, his lawyer
was clearly ineffective for not raising the above issues:
In some instances, a Rule 60(b) motion will contain
one or more "claims." For example, it might straight-for
wardly assert that owing to "excusable neglect," FRCP
60(b)(1), the movant's habeas petition had omitted a claim

(3)

of constitutional error, & seek leave to present that claim. Cf. Harris v. United States, 367 F.3d 74, 80-81 (CA2 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. E.g., Rodwell v. Pepe, 324 F.3d 66, 69 (CA1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," FRCP 60(b)(6), from previous denial of a claim. E.g., Dunlap v. Litscher, 301 F.3d 873, 976 (CA7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition & should be treated accordingly. E.g., Rodwell, supra, at 71-72; Dunlap, supra, at 876. FRAUD, on the federal habeas court is one example of such a defect. See generally: Rodriguez v. Mitchell, 252 F.3d 191, 199 (CA2 2001) (a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial"). We note that an attack based on the movant's own conduct, or his habeas counsel's omissions, se, e.g., supra, at 6, ordinarily does not go to the integrity of the proceedings,

(4)

but in effect asks for a second chance to have the
merits determined favorably. Like the Court of Appeals,
respondent relies heavily on our decision in: Calderon
v. Thompson, 523 U.S. 538 (1998). In that case we reversed
the Ninth Cicuit's decision to recall its mandate and
reconsider the denial of Thompson's first federal habeas
petition; the recall was, we held, an abuse of discretion
because of its inconsistency with the policies embodied
in AEDPA. Id., at 554-559. Analogizing an appellate
court's recall of its mandate to a district court's
grant of relief from judgment, the Eleventh Circuit
thought that Calderon's disposition applied to Rule
60(b). 366 F.3d, at 1272-1277. We think otherwise.

> "To begin with, as the opinion said, compliance with
> the actual text of AEDPA's successive petition provision
> was not at issue in Calderon because the Court of
> Appeals considered only the claims &--evidence presented
> in Thompson's first federal habeas petition. 523
> U.S., at 554. Calderon, did state, however, that
> "a prisoner's motion to recall the mandate on the
> basis of the merits of the underlying decision can
> be regarded as a second or successive application."
> Id., at 553 (emphasis added). But that is entirely
> consonant with the proposition that a Rule 60(b)
> motion that seeks to revist the federal court's denial
> on the merits of a claim for relief should be treated
> as a successive habeas petition. The problem for
> respondent is that this case does not present a revisit-
> ation of the merits. The motion here, like some Rule
> 60(b) motion in §2254 cases, confines itself not
> only to the first federal habeas petition, but to
> a nonmerits aspect of the first federal habeas proceeding.
> Nothing in Calderon, suggests that entertaining such
> a filing is "inconsistent with" AEDPA."

Rule 60(b) has unquestionably valid role to play in
habeas cases. The Rule is often used to relieve parties
from the effect of a default judgment mistakenly entered

(5)

against them. e.g., Klapprott, 335 U.S., at 615 (opinion
of Black, J.), a function as legitimate in habeas
cases as in run-of-the-mine civil cases. The Rule
also preserves parties' opportunity to obtain vacatur
of a judgment that is void for lack of subject-matter
jurisdiction--a consideration just as valid in habeas
cases as in any other, since absence of jurisdiction
altogether deprives a federal court of the power to
adjudicate the rights of the parties. Steel Co. v.
Citizens for Better Environment, 523 U.S. 83, 94,
101 (1998). In some instances, we may note, it is
the State, not the habeas petitioner, that seeks to
use Rule 60(b), to reopen a habeas judgment granting
the writ. See, e.g., Ritter v. Smith, 811 F.2d 1398,
1400 (CAll 1987).  A change in the interpretation
of a Substantive Statute may have consequences for
case that have already reached final judgment, particularly
in the criminal context. See Bousley v. United States,
523 U.S. 614, 619-621 (1998); cf. Fiore v. White,
531 U.S. 225, 228-229 (2001) (per curiam).

Justice Breyer, concurring:

   The majority explains that a proper Rule 60(b)
   motion "attacks, not the substance of the federal
   court's resolution of a claim on the merits, but
   some "DEFECT" in the integrity of the federal habeas
   proceedings."

While this type of supervening change in procedural
law may not alone warrant the reopening of a habeas
judgment, there may be special factors that allow a prisoner

(6)

to satisfy the high standard of Rule 60(b)(6). For
instance, when a prisoner has shown reasonable diligence
in seeking relief on a change in procedural law, &
when that prisoner can show that there is probable
merit to his underlying claims, it would be well in
keeping with a district court's discretion under Rule
60(b)(6) for that court to reopen the habeas judgment
& give the prisoner the one fair shot at habeas review
that Congress intended that he have. After all, we
have consistently recognized that Rule 60(b)(6) "provides
courts with authority 'adequate to enable them to Vacate
Judgment whenever such action is appropriate to accomplish
justice.'" Liljeberg v. Health Services Acquisition
Corp., 486 U.S. 847, 864 (1988) (quoting: Klapprott
v. United States, 335 U.S. 601, 614-615 (1949)). Here
in Gonzales, the U.S. Supreme Court stated: who is
serving a 99-year term in Florida prison, filed his
Rule 60(b) motion approximately eight months after
this Court's decision in Artuz v. Bennett, 531 U.S. 4.
A district court could reasonably conclude that this
period reveals no lack of diligence on the part of
an incarcerated Pro Se litigant. NOTE: FRCP Rule 60(b)(6)
contains NO specific time limitation on filing, it
is worth noting that petitioner filed his motion via:
FRCP Rule 60(b)(6), in Spinney, supra. And while we
have received scant briefing on the probable merit of his

(7)

petition, his allegation--that his guilty plea was not
knowing & voluntary because it was based on grossly
inaccurate advice about the actual time he would serve
in prison--at least states a colorable claim of a constit-
utional violation. See: Finch v. Vaughn, 67 F.3d 909
(CAL1 1995); see also Mabry v. Johnson, 467 U.S. 504 (1984).

## PROCEDURAL ISSUES

Arguably, the sole claim for relief in this instance is
the fraud perpetrated in the Court through the actions
of an individual, whom represents the United States:
AUSA: Timothy Feely, by NOT indicting defendant: Spinney
under Title 18 U.S.C. §2, Aiding & Abetting Statute,
& in the very same breath, charging the Jury & ultimately
convicting Spinney and Sentencing Mr. Spinney to well
over twenty (20) years of incarceration, in violations
of Stirone, supra, Due Process, Equal Protection of
the Law & 1st, 5th, 6th, 7th, 8th, & 14th Amendment(s)
of the United States Constitution, etc. Through AUSA:
Feely's fraudulent, illegal & criminal acts, he placed
the Court, Clerk of Courts & jury in a position of
performing acts that were adverse to existing procedural
rules governing the Federal Grand Jury, & Mr. Spinney's
Due Process, & Jury Trial Rights under the Seventh
Amendment of the U.S. Constitution. FRCP 60(b)(6),
permits relief "for any other reason justifying relief
from the operation of the judgment." In all candor,
Spinney submits that reliance by him on that provision

(8)

because the clear important of the language of clause
FRCP 60(b)(6) is that the clause is restricted to reasons
other than those enumerated in the previous five clauses.
See Liljeberg v. Health Servs. Acquisition Corp., 486
U.S. 847, 863 n.11, 108 S.Ct. 2194, 100 L.Ed.2d 855
(1988); See also: 12 James Wm. Moore, et al., Moore's
Federal Practice §60.48 at 60-167 (3d ed.1997) (Moore's);
11 Charles Alan Wright, et al., Federal Practice and
Procedure §2864, at 362 (2d ed.1995) (Wright & Miller).
Because fraud is one of the reasons for relief appearing
in Clause (3), it is not available as "any other reason"
under Clause (6). Spinney concedes he cannot avoid
the time restriction under Clause (3). Nevertheless,
FRCP 60(b) authorizes two other avenues for relief
from the fraud upon the Court. The Rule states that
it "does not limit the power of a Court (1) to entertain
an independent action to relieve a party from a judgment,
order, or proceeding...or (2) to set aside a judgment
for fraud upon the Court." FRCP 60(b); See: 12 Moore's
§60.81 [1][b] (distinguishing between an independent
action & the Inherent Power to set aside a judgment
for fraud upon the Court); 11 Wright & Miller §2851
at 229 (same). The first additional avenue mentioned
is an independent action. It is a narrow avenue. The
Supreme Court has held that "under the Rule, an independent
action should be available only to prevent a grave
miscarriage of justice." U.S. v. Beggerley, 524 U.S. 38,

(9)

47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998). But the roadway
is wide enough to allow Spinney's claim of fraud upon
the Court. See: 11 Wright & Miller, §2868 at 399-400;
id., §2870, at 415; 12 Moore's §60.81 [1][a]. There
is no set time for filing an independent action, although
relief may be barred by laches. See: 11 Wright & Miller
§2868, at 401-02; 12 Moore's §60.21 [2], at 60-50.

The second procedure for obtaining relief is to invoke
the "Inherent Power" of the Court to set aside its
judgment if procured by fraud upon the Court. Relief
is not dependent on the filing of a motion by a party
to the original judgment; the Court may assert this
power sua sponte. See: 11 Wright & Miller §2865, at
380; id., at 60-60 (party seeking relief need not have
been a formal party to original proceeding); id., at
60.21 [4][f]; id., §60.62, at 60-195. There is no time
limit for such proceedings nor does the doctrine of
laches apply. (Emphasis Added) See: Bulloch v. United
States, 763 F.2d 1115, 1121 (10th Cir.1985) (En Banc).
The substance of Spinney's pleading should control,
not the label. The Court should construe the Motion
either as an independent action or, because "[t]here
are no formal requirements for asserting a claim of
fraud on the Court," 12 Moore's §60.21 [4][f], at 60-60,
as a pleading invoking the Court's Inherent Power to
grant relief for fraud upon the Court. Spinney's claim
of fraud upon the Court should not be dismissed on
procedural grounds. The Bulloch, Court described such

(10)

fraud as follows:

> "Fraud on the Court...is fraud which is directed
> to the judicial machinery itself & is not, false
> statements or perjury...It is thus fraud...where
> the impartial functions of the Court have been
> directly corrupted."

In Robinson v. Audi Aktiengesellschaft, 56 F.3d 1259,

1267 (10th Cir.1995); The Court said:

> "Fraud on the Court, whatever else it embodies,
> requires a showing that one has acted with an
> intent to deceive or defraud the Court. A proper
> balance between the interests underlying finality
> on the one hand & allowing relief due to inequitable
> conduct on the other makes it essential that
> there be a showing of conscious wrongdoing--what
> can properly be characterized as a deliberate
> scheme to defraud-before relief judgment is
> appropriate."

In the instant case, Spinney, has clearly demonstrated

and support with empirical evidence that the actions

of: AUSA: Timothy Feely, epitomized conscious wrongdoing

by committing Fraud upon the Court, by not indicting

Spinney under Title 18 U.S.C. §2 Aiding & Abetting

in which Mr. Spinney is serving a lenthy sentence of

well over twenty (20) years for a charge he was not

even indicted for by a Federal Grand Jury.

```
See EXHIBIT: U.S. v. Spinney,
             CR-93-10345-DPW.,
             Indictment.
   APPENDIX # 1-19              .
```

THE SENTENCING COURT LACKED JURISDICTION TO IMPOSE THE
SENTENCE BEYOND THAT CONTEMPLATED BY THE CHARGES TO
THE FEDERAL GRAND JURY WHICH SPINNEY WAS NOT INDICTED FOR
TITLE 18 U.S.C. §2, AIDING & ABETTING IN VIOLATIONS
OF STIRONE V. U.S., 361 U.S. 212, 217, 80 S.Ct. 270,___,4
L.Ed.2d 252 (1960); BLAKELY V. WASHINGTON, 542 U.S.___,
APPRENDI V. NEW JERSEY, 530 U.S. 466 (2000);
UNITED STATES V. R.L.C., 530 U.S. 291 (1992)
& DUE PROCESS, 5th, & 6th AMENDMENT OF THE U.S. CONSTITUTION

Because the government failed to indict Spinney in
Title 18 U.S.C. §2, Aiding & Abetting, & or file an
information charging the factual findings used to enhance
Spinney's enormous sentence, the sentencing Court plainly
lacked Jurisdiction to impose the enhanced sentence.
Hence, upon the ground that the sentence was imposed
in violation of the Constitution &--laws of the United
States, thus, the Court was without jurisdiction to
impose such sentence, and premises his right to present
this procedurally tardy claim on Blakely v. Washington,
542 U.S. _____ (2004), which found that "when a judge
inflicts punishment that the jury's verdict did not
support & did not allow, thus, the Federal Grand Jury
has not found all the facts: (18 U.S.C. §2 In Spinney),
"which law makes essential to the punishment," (citation
omitted), & "the judge exceeds his property authority."
See: Teague v. Lane, 489 U.S. (1989). The opinion in
Blakely, established that any fact that increases the
upper level or bound on a judge's sentencing discretion
is an element of the offense & must be charged in an
indictment or information & submitted to a Jury. Spinney,
clearly by going to trial, reserved 'all' his rights
more than one whom had plead guilty, supporting Spinney's
Sixth (6th) Amendment right to trial; 6th Amendment
right to be confronted by his accusers; 6th Amendment
right to Notice via: indictment; 5th Amendment protection
from double jeopardy, & 5th & 6th Amendment(s) Due
Process & 14th Amendment Equal Protection of the Law.

Federal Courts as Courts of limited jurisdiction, delving power soley from Article III of the Constitution and from Legislative Acts of Congress. See: Insurance Corp. of Ir., Ltd. v. Compagnie des Bauzities de Guinee, 456 U.S. 694, 701, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Nor can District Courts derive, power to act from the parties. Consequently, neither the government nor Spinney are capable of conferring jurisdiction foundation the Court lacks simply by waiver or procedural default. See: United States v. Griffin, 303 U.S. 226, 229, 58 S.Ct. 601, 82 L.Ed. 764 (1938); ("Since lack of jurisdiction of a Federal Court touching the subject matter of the litigation cannot be waived by the parties, we must upon this Motion examine the contention"); Hertz Corp. v. Alamo Rent-A Car, 16 F.3d 1126, 1131 (11th Cir.1994) ("Subject matter jurisdiction can never be waived or conferred by the consent of the parties") (quoting Latin Am. Property & Cas. Insur. Co. v. Hi-Lift Marina, Inc., 887 F.2d 1477, 1479 (11th Cir.1989); Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1250 (11th Cir.1985). Beacause jurisdictional claims may not be defaulted, a defendant (Spinney), need not show "cause" to justify his failure to raise such a claim. The Seventh Circuit reached a similar result in: Kelly v. U.S., 29 F.3d 1107 (7th Cir.1994). In Kelly, as is urged here in Spinney, supra, the Court considered a Title 28 U.S.C. §2255 collateral attack on a sentence where

(13)

the prosecutor failed to timely file the information.
The Court concluded that Kelly, was not required to
show cause & prejudice to excuse his failure to challenge
the District Court's jurisdiction, explaining, "The
point of cause & prejudice, we repeat, is to overcome
the waiver. But this analysis of course assumes that
the error in question is a waivable one. And jurisdiction
defects are not." Id., at 1112 (emphasis added). See also:
U.S. v. Broadwell, 959 F.2d 242 (9th Cir.1992), where
the 9th Circuit, in an unpublished opinion, agreed,
stating that "because the error is jurisdictional,
the defendant (Spinney), need not show cause & prejudice."
Because jurisdictional defects are non-waivable, Spinney
need not provide the Court with an excuse adequate
to convince it to forgive that "Waiver." The facts
of this reveal that the District Court plainly lacked
jurisdiction to imposed the enhanced sentence complained
of, & Spinney need not show cause & prejudice to collaterally
attack the enhanced sentence because jurisdictional
claims cannot be procedurally defaulted. Spinney's
indictment, conviction & sentence should be vacated
& Dismissed with prejudice with the commands & dictates
of: the 5th, 6th Amendments of the United States Constitut-
ion, Blakely, Apprendi, Stirone, R.L.C., ETC, supra's.
Harduvel v. General Dynamics Corp., 801 F.Supp. 597
(M.D. Fla.1992); Rules 60(b)(6): Saving Clause, "Fraud
on the Court" offers relief from judgment only to

(14)

accomplish justice & only in the most "extraordinary"
circumstances. Olle v. Henry & Wright Corp., 910 F.2d
357, 365 (6th Cir.1990) FRCP 60(b)(6) confined to "unusal
& extreme situations" as in Spinney, supra. Matter
of Emergency Beacon Corp., 666 F.2d 754 (2d Cir.1981).
Rodriguez v. Mitchell, 252 F.3d 191 (2d Cir.2001),
amended, ___ F.3d ___ (2d Cir.2002). Rodriguez, held that
a Rule 60(b) motion challenging the "integrity" of
a collateral attack proceeding should not be treated
as a second collateral attack on a conviction, even
though the motion ultimately seeks to overturn the
conviction. Id., at 198-200. Fraud Upon The Court:
United States v. Buck, 281 F.3d 1336 (10th Cir.2002):

1. Procedural Issues

Spinney's claim for relief under Rule 60(b)(6) is based
on the contention that the AUSA: Feely, whom represents
the United States committed fraud upon the Court in
not obtaining an indictment for Title 18 U.S.C. §2,
Aiding & Abetting, in which Spinney is serving well
over twenty (20) years of incarceration in prison for.
Before considering the merits of the contention, we
address a procedural matter. We hold that a claim of
fraud, including fraud upon the Court, cannot be brought
under clause (b)(6). As we shall explain, however,
the error in labeling the pleading is not fatal because
Rule 60(b) permits other means pursuing the relief
Spinney seeks. Nevertheless Rule 60(b) authorizes two

(15)

other avenues for relief from fraud upon the Court. The
rule states that it "does not limit the power of a
Court [1] to entertain an independent action to relieve
a party (Spinney), from a judgment, order, or proceeding...
or [2] to set aside a judgment for fraud upon the Court."
Rule 60(b); see 12 Moore's §60.81 [1][b] (distinguishing
between an independent action & the inherent power
to set aside a judgment for fraud upon the Court);
11 Wright & Miller §2851, at 229 (same). "4,5] The
first additional avenue mentioned is an independent
action. It is a narrow avenue. The Supreme Court has
recently held that "under the Rule, an independent
action should be available only to prevent a grave
miscarriage of justice." United States v. Beggerly,
524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998).
But the roadway for (Spinney), is wide enough to allow
at least some claims of fraud. See: 11 Wright & Miller
§2868, at 399-400; id. §2870, at 415; 12 Moore's §60.81
[1][a]. There is no set time limit for filing an independent
action, although relief may be barred by laches. See:
11 Wright & Miller §2868, at 401-02; 12 Moore's §60.21
[2], at 60-50. [6,7] The second procedure for obtaining
relief is to invoke the "Inherent Power" of the Court
to set aside its judgment if procured--by fraud upon
the Court. Relief is not dependent on the filing of
a motion by a party to the original judgment; the Court

(16)

may assert this power sua sponte. See: Wright & Miller
§2865, at 380; id. §2870, at 411; 12 Moore's §60.21
[4][e], at 60-60 (party seeking relief need not have
been a formal party to original proceeding) id. §60.21
[4][f]; id. §60.62, at 60-195. There is no time limit
for such proceedings, nor does the doctrine of laches
apply. See: Bulloch v. United States, 763 F.2d 115,
1121 (10th Cir.1985) (en banc); 11 Wright & Miller
§2870, at 412; 12 Moore's §60.21 [4][g]. Apprendi v.
New Jersey, 530 U.S. 466 (2000); Spinney, clearly argues
that Apprendi, should read expansively to require
that any factor (18 U.S.C. §2) that impacts a defendants
(Spinney's) sentence must appear in the indictment
& be submitted to the jury & decided unanimously beyond
a reasonable doubt. Spinney, recognizes that in: United
States v. R.L.C., 503 U.S. 291 (1992), coupled with
Apprendi & Blakely, & Stirone, supra's supports Spinney's
position.

THE DISTRICT COURT WAS WITHOUT JURISDICTION TO
SENTENCE SPINNEY FOR TITLE 18 U.S.C. §2,
AIDING & ABETTING BY THE PREPONDERANCE
OF THE EVIDENCE TAKING AWAY SPINNEY'S
DUE PROCESS & FIFTH & SIXTH AMENDMENTS
OF THE UNITED STATES CONSTITUTION

The reasonable Doubt Standard is a "Bedrock Procedural
Element Essential to Fairness." Sullivan v. Louisiana,
508 U.S. 275, 113 S.Ct. 2068, 124 L.Ed.2d 182 (1993);
In Re Winship, 397 U.S. 358, 363, 90 S.Ct. 1068,__,25
L.Ed.2d 368 (1970). The pleading requirement, which
held "the indictment must contain an allegation (18
U.S.C. §2) of every fact which is legally essential

(17)

to the punishment to be inflicted." See also:
United States v. Reese, 92 U.S. 214, 232-33, 23 L.Ed.
565 (1875). An Indictment missing an "Essential Element"
(Title 18 U.S.C. §2) is legal nullity & any conviction
based thereon must automatically be vacated. "Calling
a particular kind of (fact) (18 U.S.C. §2) an 'Element'
carries certain legal consequences." Richardson v. United
States, 119 S.Ct. 1707, 1710 (1999). One such consequence
is that the defendant: Spinney jury must pass upon
& include "ONLY" every element in Spinney's indictment,
which precluded: 18 U.S.C. §2, Aiding & Abetting Statute.
United States v. Castillo, ___, U.S.))), 120 S.Ct. 2090.
The failure to include (18 U.S.C. §2) an "Essential
Element" in the indictment is a fundamental, jurisdictional
defect that renders any conviction on a defective indictment
a nullity. Defendant: Spinney "never" waived his indictment
& also went to trial. U.S. v. Bell, 22 F.3d 274, 275
(11th Cir.1994); U.S. v. Meacham, 626 F.2d 503, 509-510
(5th Cir.1980). Because jurisdictional defects are
not waivable & cannot be procedurally defaulted, Spinney,
need not show cause & prejudice to justify his failure
to raise such a claim. Consequently, Plain Error Review
is precluded, to the extent that is requires a stringent
"Prejudice" analysis. U.S. v. Olano, 507 U.S. 725,
734, 113 S.Ct. 1770,__, 123 L.Ed.2d 508 (1993). "Plain
Error" analysis never applies to jurisdictional errors.

(18)

Not only does Federal Rules of Criminal Procedure Rule 12(b)(2) provide that defects in the indictment which go to lack of jurisdiction or failure to charge an offense. "Shall be noticed by the Court at any time during or after the proceedings," but even when the defendant (Spinney), has failed to bring jurisdictional error to the attention of the Court, Court's have held that a reviewing Court has an affirmative obligation to correct such jurisdiction error on Habeas review. Harris v. United States, 149 F.3d 1304, 1308 (11th Cir.1998). The United States Supreme Court held: "The Due Process Clause of the Fifth Amendment and the Notice & Jury Trial Guarantees of the Sixth Amendment requires "ANY FACT (other than prior conviction), that increases the penalty of a crime beyond the prescribed statutory maximum must be submitted to a Grand Jury & found by a Trial Jury beyond a reasonable doubt unanimously."

The Federal Grand Jury's omission of element: Title 18 U.S.C. §2, Aiding & Abetting Statute from Spinney's indictment has always been regarded as a jurisdictional defect, reversable per se without proof of prejudice. See: Stirone v. United States, 361 U.S. 212, 217, 80 S.Ct. 270,___, 4 L.Ed.2d 252 (1960); Deprivation of right to be tried "ONLY" on charges returned by (Spinney's) Federal Grand Jury "is far too serious to be treated as harmless error." Ex Parte Baine, 121 U.S. at 1213 (1887).

(19)

United States v. Gayle, 967 F.2d 483, 485 (11th Cir.1992)

(En Banc): United States v. Fern, 155 F.3d 1318, 1324-25

(11th Cir.1998); United States v. Meacham, 626 F.2d

503, 510 (5th Cir.1980); (Objection that indictment

fails to charge an offense is a non-waivable jurisdictional

defect).  The above cases supports Spinney, supra.


PETITION BY SPINNEY TO DISMISS INDICTMENT FOR FAILURE
TO CHARGE TITLE 18 U.S.C. §2, AIDING & ABETTING STATUTE
IN SPINNEY'S INDICTMENT & FAILURE TO CHARGE A FEDERAL
OFFENSE & LACK OF JURISDICTION IN THAT THE INDICTMENT
IS VAGUE AND INSUFFICIENT

Petitioner: Spinney, Pro Per In Propria Persona Proceeding

Sui Juris, moves for an Order dismissing and/or quashing

the indictment as it relates to him & states as follows:

(1) The indictment fails to allege facts which constitutes
    a criminal offense;  (18 U.S.C. §2), etc;

(2) The indictment fails to allege facts which constitutes
    a criminal offense against the United States of
    America;  (18 U.S.C. §2), etc;

(3) The indictment fails to allege facts which constitute
    a criminal offense  over which this Court has
    jurisdiction;  (18 U.S.C. §2), etc;

(4) The indictment purports to allege certain facts,
    but fails to state facts which support or constitutes
    a Federal Offenses or where this Court has Jurisdiction.

(5) The indictment is vague & uncertain & fails to be or
    contain a plain, concise & definite written statement
    of the essential facts constituting the offense or
    offenses sought to be charged; (18 U.S.C. §2), etc;

(6) The indictment states conclusions rather than facts.

(7) The indictment does not adequately & fairly inform
    defendant: Spinney, of the offense 18 U.S.C. §2 or
    offenses sought to be charged against him.

(20)

(8) Petitioner: Spinney, moves this Honorable Court
    to dismiss the indictment in that the said Court
    lacks jurisdiction because of the offense charged
    is in no way a Federal Offense and no Federal Law
    was violated, (lack of jurisdiction), since
    Spinney was not indicted for 18 U.S.C. §2;

(9) Petitioner: Spinney moves this Court to dismiss
    the indictment for reasons that the said indictment
    fails to allege facts sufficient to complete an
    offense via: 18 U.S.C. §2, against the laws of the
    United States; (Failure to Charge a Federal Offense).

MEMORANDUM OF LAW IN SUPPORT OF PETITIONER: SPINNEY'S
MOTION TO DISMISS INDICTMENT FOR--FAILURE TO CHARGE
A FEDERAL OFFENSE: TITLE 18 U.S.C. §2, AND LACK
OF JURISDICTION IN THAT THE INDICTMENT IS VAGUE
AND INSUFFICIENT

Petitioner, Spinney, Pro Per In Propria Persona Proceeding

Sui Juris, moves to dismiss the indictment upon the

ground that on its face the facts are so vague and

uncertain that it fails to inform the accused: Spinney

of the nature and cause of the accusation: 18 U.S.C.

§2, Aiding & Abetting Statute, and denies Spinney

the right to know if a Federal Offense is charged

and the Jurisdiction of this Court, if any, it denies

Spinney, the privilege of exercising this right to

have compulsory process for obtaining witnesses in

his factor in that he is unable to ascertain the identity

of necessary witnesses for whom process should issue;

it denies him assistance of counsel for his defense

in that counsel is unable to determine the nature

of the acts or transaction alleged with sufficient

certainty to research the applicable law, cross-examine

witnesses offered by the prosecution or to otherwise

(21)

prepare & try the case,  all in violations of the Fifth
&  Sixth Amendments of the United States Constitution &
Spinney's Due Process.

Note:  Defendant/Petitioner: Spinney's Conspiracy
charge was dismissed upon a motion from the government:
AUSA: Feely, thus, this case should be dismissed with
prejudice, since Defendant: Spinney was NOT indicted
for Title 18 U.S.C. §2, Aiding & Abetting, in which
Mr. Spinney is 'now' serving a lenthy enormous sentence
of well over twenty (20) years for.

See: EXHIBIT: U.S. v. Spinney,
             CR-93-10345-DPW.
             Indictment.
     APPENDIX # 1-19            .

See EXHIBIT:  U.S. v. Spinney,
              CR-93-10345-DPW.
              Judgment & Commitment
              Order.
     APPENDIX # 20 & 46            .

See EXHIBIT:  U.S. v. Spinney,
              CR-93-10345-DPW.
              Sentencing Transcript
     APPENDIX # 21-43            .

The above independent corroboration supports that
Mr. Spinney's indictment, judgment & commitment shows
that Mr. Spinney WAS NOT indicted for Title 18 U.S.C.
§2, Aiding & Abetting Statute. Moreover, Mr. Spinney's
Sentencing transcripts independently corroborates
that Mr. Spinney, was clearly sentenced for Title
18 U.S.C. §2, Aiding in Abetting Statute. This is
clear genuine evidence which supports Spinney's argument.

(22)

Congress has expressed its desire that government
attorneys comply with state & local federal Court rules
governing the practice of law. See: Title 28 U.S.C.
§530(a). These ethical norms not only protect the individual
but also our system of justice within democracy. In
the words of the late: Judge: Burciaga

> "[W]e must understand ethical standards are not
> merely a guide for the lawyer's conduct, but an
> integral part of the administration of justice.
> Recognizing a government lawyer's role as a shepard
> of justice, we must not forget that the authority
> of the Government lawyer does not arise from any
> right of the Government, but the POWER entrusted
> to the Government. When---Government Lawyers:
> AUSA: Mr. Feely, with enormous resources at his
> disposal, abuses this power & ignores ethical standards,
> he not only undermines the public trust, but inflicts
> damage beyond calculation to our system of Justice.
>  This alone compels the responsible & ethical exercise
> of power." VIA: In all three branches of Government:
> Executive/Legislative/Judicial Branches of Government.
> Matter of Doe, 801 F.Supp. at 479-80.

Singleton, 165 F.3d 1314 (Kelly, dissenting).

 Silence can only be equated with Fraud:

Federal Corp. Insurance v. Merrill, 332 U.S. 380,

92 L.Ed. 10, 68 S.Ct. 1, 175 ALR 1075 (1947).

Failure to answer is silence: Silence can only be

equated with fraud where there is a legal & moral

duty to speak, or when an inquiry left unanswered

would be intentionally misleading. United States

v. Tweel, 550 F.2d 297 (1977).

(23)

TANAKH: To answer a man before hearing him-out is
            foolish & disgraceful.
            Proverbs: 18:13 Page: 1314
            (The Jewish Publication Society 1985).

[F]undamental fairness and public confidence in government

officials & Court Officers: AUSA: Feely, to be held

to: "Meticulous Standards of Both Promise & Performance."

Correale v. United States, 479 F.2d 944, 947 (1st Cir.1973).

 In 1861, Lord Acton wrote that, "[e]very thing secret

degenerates, even the Administration of Justice."

John Emerich Dalberg Acton, Lord Acton and his circle
166 (Abbot Gasquet, ed., 1968).

The above case in Spinney, shows that he was right.

Bemis v. United States, 30 F.3d 220, 221 n.1 (1st Cir.1994);

In general, those decisions are rooted in the principle

that, "Fundamental Fairness & Public Confidence In

Government Officials Require That The Government, supra,

Be Held To 'Meticulous Standards of Both Promise &

Performance.'" E.g., Kasuri v. Elizabeth Hospital Medical

Center, 897 F.2d 845, 852 (6th Cir.1990).


            SUPERVISORY POWERS OF THIS COURT
THE JUDICIAL BRANCH OF THE UNITED STATES GOVERNMENT

United States v.  Kouri-Perez, 187 F.3d 1, 7-8 (1st

Cir.1999); ("The challenged sanction is expressly predicated

on the "Inherent Powers" of the Federal Courts, the

Judicial Branch of the U.S. Government. Article III

Courts were imbued with an array of "Inherent Powers"

in performing their case-management functions from

the moment of their establishment.

(24)

United States v. Horn, 29 F.3d 754, 759 (1st Cir.1994);

(Citing: United States v. Hudson, 11 U.S. (7 Cranch)

32, 34, 3 L.Ed. 259 (1812)); See also: Chambers v.

NASCO, Inc., 501 U.S. 32, 43-44, 11 S.Ct. 2123, 115

L.Ed.2d 27 (1991); Link v. Wabash R.R. Co., 370 U.S.

626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). These

implicit powers include the judicial authority to sanction

counsel for litigation abuses which threaten to impugn

the U.S. District Courts, U.S. Court of Appeals & The

Supreme Court of the United States's------integrity

or disrupt its efficient management of the proceedings.

See: Chambers, 501 U.S. at 43, 111 S.Ct. 2123 (noting

that inherent powers of the U.S. Courts, supra, powers

include authority to "control admission to its bar

& to discipline attorneys who appear before it")

Roadway Express, Inc. v. Piper, 447 U.S. 752, 766,

100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) ("The Power of

the Courts over members of its bar is at least as great

as its authority over litigants.") Thus, Courts may

invoke their Supervisory Powers  to implement a remedy

for violation of recognized rights, to preserve judicial

integrity, or deter illegal conduct See Id., see also:

United States v. Santana, 6 F.3d 1, 10 (1st Cir.1993);

The U.S. Courts, did not invoke its supervisory powers,

but it did voice lingering concerns about "Fundamental

Fairness" & "Fair Play." U.S. v. Stokes, 947 F.Supp.

at 557. Such a step is reserved for cases such as this one

in: Spinney, supra, "serious and blantant prosecutorial
misconduct that distorts the integrity of the judicial
process." United States v. Giorgi, 840 F.2d 1022, 1030
(1st Cir.1988) (citation omitted). See: Chambers v.
NASCO, Inc., 501 U.S. 32, 47, 111 S.Ct. 2123, 2134,
115 L.Ed.2d 27 (1991)...In what is not necessarily
an exhaustive listing, the Court has recognized three
purposes which the supervisory power may be dedicated:

   (1) "to implement a remedy for violation of recognized
       rights; (Petitioner: Spinney's Due Process, etc.);

   (2) to preserve judicial integrity;

   (3) as a remedy designed to deter illegal conduct."
Hasting, 461 U.S. at 505, 103 S.Ct. at 1978; (internal
citation omitted). Invoking this third theme, we have
warned that we will consider unleashing the Supervisory
Power in criminal cases "[w]hen confronted with extreme
misconduct & prejudice," in order "to secure enforcement
of 'better prosecutorial practice & reprimand of those
who fail to observe it.'" United States v. Osorio, 929
F.2d 753, 763 (1st Cir.1991) (quoting: United States
v. Pacheco-Ortiz, 899 F.2d 301, 310-11 (1st Cir.1989)).
Bolling v. Sharpe, 347 U.S. 497, 500 (1954) (holding
that the Due Process Clause of the Fifth Amendment
places the same restrictions on actions by the Federal
government that the Equal Protection Clause of the
Fourteenth Amendment places on the State governments).

See: Francis Bacon, Of Judicature, In Essays 316 (1654)
("And let no man weakly conceive, that just laws
and true policy have any antipathy; for they are
like the spirits & sinews, that one moves with the
other. Let judges also remember that King Solomon's
throne was supported by lions on both sides: let
them be lions, but yet lions under the throne;
being circumspect--that they do not check or oppose
any points of Sovereignty. Let not judges also
be ignorant of their own right, as to think there
is not left to them, as a principle part of their
office, a wise use & application of laws.")

As Judge Bruce Selya so aptly put--it, "when...the

legislative trumpet sounds clearly, Courts are duty

bound to honor the clarion call." United States v.

Jackson, 30 F.3d 199, 204 (1st Cir.1994); Obedience

to the Constitutional expression of the Congressional

will is the hallmark of the Federal Judiciary a vital

aspect of its professionalism & its role in our system

of government. Cooper v. Aaron, 358 U.S. 1, 78 S.Ct.

1401 (1958); "No Legislator, Executive or Judicial

officer can war against the United States Constitution

without violating his/her undertakings to support it."

## CONCLUSION

WHEREFORE, for all of the above stated reasons with

supportive case law authorities Appendix/Exhibits:

Spinney's Indictment/Judgment & Commitment/ Sentencing

Transcripts, of the record, Spinney, requests that

this Honorable Court grant this Motion/Claim/Affidavit

& grant a hearing & or immediate dismissal of the indictment

& or conviction to avoid additional 'Miscarriage of Justice.'

This Motion Is In The Interest of Justice.

(27)

Respectfully Submitted By
Petitioner/Claimant/Affiant:

Pro Per          Jeffrey Warren Spinney          Signed under
In Propria            15468-018                  18 U.S.C.
Persona              FCI McKean                   §1623, & under
Proceeding          P.O. Box 8000                28 U.S.C.
Sui Juris       Bradford, Pennsylvania           §1746.
                     16701

August 15 2005

(28)

## CERTIFICATE OF SERVICE

I, Jeffrey Warren Spinney, hereby certify that the above
& the following was sent via: United States Mail, Postage
Prepaid, on this  15  day of  August , 2005, via:
Caldwell v. Amend, 30 F.3d 1199 (9th Cir.1994);
Houston v. Lack, 487 U.S. 266, 101 L.Ed.2d, 108 S.Ct.
2379 (1988); Prisoners' Pro Se Motion Judgment N.O.V.
was deemed filed on date Motion was placed in Prison's
"Legal Mail Box" as opposed to date of its receipt
by the Court Clerk, AUSA, Respondents, also sent via:
Lema v. U.S., 987 F.2d 48, 54 n.5 (1st Cir.1993);
Boag v. MacDougall, 454 U.S. 364, 70 L.Ed.2d 551, 102
S.Ct. 594 (1982);
Hughes  v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d
163 (1980) (Per Curiam);
Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594,
30 L.Ed.2d 652 (1972) (Per Curiam); Pro Se litigants
pleadings are to be construed liberally and held to
less stringent standards than formal pleadings drafted
by lawyers.
Sent to the following:

Honorable: Douglas P. Woodlock,    AUSA: Timothy Feely,
U.S. District Court Judge          U.S. Attorneys Office
District of Massachusetts          District of Massachusetts
United States Courthouse           Suite 9200, 9th Floor
1 Courthouse Way                   United States Courthouse
Boston, Massachusetts              1 Courthouse Way
02210                              Boston, Massachusetts
                                   02210

Tony Anastas,
U.S. Clerk of Courts
Clerk's Office
Suite 2300
United States Courthouse
District of Massachusetts
1 Courthouse Way
Boston, Massachusetts
02210

Pro Per          Jeffrey Warren Spinney    Signed under
In Propria            15468-018            18 U.S.C.
Persona              FCI McKean            §1623 & under
Proceeding          P.O. Box 8000          28 U.S.C.
Sui Juris     Bradford, Pennsylvania       §1746.
                     16701

(29)