UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

JEFFREY WARREN SPINNEY      )
                            )
          V.                )      CRIMINAL NO. 05-11796-DPW
                            )
UNITED STATES OF AMERICA )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(6)**

The government hereby opposes the motion for relief from judgment  filed, pursuant to Fed. R. Civ. P. 60(b), by defendant Jeffrey W. Spinney ("Spinney").  As grounds therefor, as more fully explained below, Spinney's motion, although titled as a Rule 60(b) motion, should be considered as a motion filed under 28 U.S.C. §2255 and found: (1) to fail to meet the cause and prejudice standard applicable to such motions; (2) to be procedurally barred by the one-year statute of limitations applicable to §2255 motions; (3) to be a second or successive such motion requiring leave for the United States Court of Appeals for the First Circuit prior to vesting this Court with jurisdiction; and (4) to be without merit in any event.

As an initial matter, it is worth noting, prior to recounting the extensive procedural history of Spinney's criminal case and post-conviction proceedings, that since the First Circuit affirmed the judgment in this case on September 19, 1995, the instant motion is Spinney's third post-judgment motion seeking to attack the judgment and sentence in this case.

1.    **Procedural History**

Spinney was the second of two defendants to be prosecuted in this district for the August 20, 1991 armed robbery of the Lowell Institution for Savings, located at 350 Westford Street, Lowell, Massachusetts.  On July 20, 1992, after six days of trial, a jury convicted Paul J. Kirvan ("Kirvan") of armed bank robbery, in violation of 18 U.S.C. §2113(d), and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c).  The court (Harrington, J.) granted Kirvan's Rule 29 motion in part, and entered judgment of acquittal on the §924 count.  The court found there was insufficient evidence from which the jury could have found the gun in question to have been a genuine gun.  On appeal, the First Circuit affirmed Kirvan's conviction for armed bank robbery and reinstated his §924 conviction.  United States v. Kirvan, 997 F.2d 963 (1st Cir. 1993).

Spinney was indicted on December 16, 1993.  The three-count indictment charged him with conspiracy to commit bank robbery, in violation of 18 U.S.C. §371, armed bank robbery, in violation of 18 U.S.C. §§2113(d) and 2, and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c).  The conspiracy count was dismissed by the government prior to trial.  Trial commenced on April 4, 1994 on the remaining two counts of the indictment, and after four days of

trial, the jury returned guilty verdicts on both counts.  On July 8, 1994, Spinney was sentenced (as a career offender under U.S.S.G. §4B1.1) on the armed bank robbery conviction to 262 months in prison.  He also received a mandatory 60-month consecutive sentence for the §924 violation.

On appeal to the First Circuit, Spinney challenged the sufficiency of the evidence to support his convictions on both counts of the indictment.  Focusing on the necessary state of mind of an accomplice to an armed bank robbery, and specifically on the evidence of Spinney's knowledge that Kirvan would use a gun in the robbery, the First Circuit found (on September 19, 1995) the evidence sufficient to support the armed bank robbery conviction, but insufficient to support the §924 conviction. United States v. Spinney, 65 F.3d 231 (1st Cir. 1995).  An amended judgment (second) was issued by this Court on January 24, 1997, sentencing Spinney to serve 262 months in prison for his conviction for armed bank robbery.

On April 21, 1997, Spinney filed a motion under 28 U.S.C. §2255 to vacate, set aside, or correct sentence. [Civil Action No. 97-10935-DPW].  Spinney's §2255 motion raised five specific challenges to his judgment, all of which fell into one of two general categories.  First, he argued that his trial counsel rendered ineffective assistance of counsel in that she: (1) failed to construct a defense against an aiding and abetting

theory of culpability; and (2) she failed to move to suppress toll records, the eye-witness identification, and fingerprint evidence.  Second, Spinney argued that this Court erred in: (1) allowing the introduction of radio transmissions and toll records; (2) allowing the introduction of fingerprint evidence; and (3) allowing the introduction of an eye-witness identification.  After briefing by both parties, this Court denied Spinney's §2255 motion and entered an order of dismissal on January 15, 1999. [Docket No. 10, 11].  Thereafter, a certificate of appealability was denied by both this Court and the Court of Appeals. [Docket Nos. 15, 17].

On June 16, 2001, Spinney filed a motion, pursuant to 18 U.S.C. §3582(c)(2) asking this Court to modify his sentence. [Civil Action No. 01-10986-DPW].  In his motion, Spinney claimed that two guideline amendments enacted after his sentencing lowered the GSR that had been calculated at the time he was sentenced.  Spinney's argument suffered from a fatal flaw.  Both guideline amendments pertained to sentences imposed for violations of §924(c), and Spinney was not ultimately convicted or sentenced under that statute.  This Court denied Spinney's motion on July 6, 2001, with the following endorsement: "[N]either of the two amendments has any bearing upon the sentence the defendant is now serving under the judgment amended after direct appeal."

The futility of his motion did not deter Spinney from
appealing this Court's denial of his §3582 motion to the First
Circuit. [Docket No. 12].  It did however convince him to abandon
his §3582 claim on appeal and attempt to replace it with an
argument that he should have been sentenced as though he was
convicted only of unarmed robbery.  Not only did the claim lack
merit, the court of appeals lacked jurisdiction to hear a claim
never presented to this Court.  On April 11, 2002, the First
Circuit affirmed this Court's denial of Spinney's §3582 motion.
[Docket No. 16].

### 2.    Spinney's Rule 60(b)(6) Motion

On August 31, 2005, Spinney filed the instant motion under
Fed. R. Civ. P. 60(b)(6) (Relief From Judgment or Order).  The
rule provides in pertinent part:

> On motion and upon such terms as are just, the court
> may relieve a party or a party's representative from a
> final judgment, order, or proceeding for the following
> reasons: . . . or (6)any other reason justifying relief
> from the operation of the judgment.  The motion shall
> be made within a reasonable time, and for reasons (1)
> [mistake], (2) [newly discovered evidence]; and (3)
> [fraud or misconduct of a party], not more than one
> year after the judgment, order, or proceeding was
> entered or taken.

Spinney claims fraud upon the Court but asks this Court to
consider his claim under Rule 60(b)(6) because a Rule 60(b)(3)
claim is clearly time-barred by the one-year statute of
limitations applicable to motions under that provision.  As
fraud, Spinney claims that the government engaged in fraud upon

the court by not indicting him for aiding and abetting armed bank

robbery, but trying the case and obtaining jury instructions and

a conviction on an aiding and abetting theory of culpability.

### 3.    **Procedural Bar**

Spinney's judgment in the underlying criminal case became

final no later than 90 days after his conviction was affirmed by

the First Circuit on September 19, 1995.  Thus, if filed under 28

U.S.C. §2255, his motion would be time-barred by the one-year

statute of limitations applicable to §2255 motions.  28 U.S.C.

§2255.  Additionally, if filed under §2255, this Court would have

no jurisdiction unless and until the Court of Appeals granted

leave for Spinney to file a second or successive §2255 motion.

Spinney claims that he is filing under Rule 60(b), and seeks

relief from the judgment of conviction for armed bank robbery

initially entered by this Court in July 1994.  The government

understands Spinney to claim that, whether it be fraud or not,

his conviction cannot stand because he was charged with armed

bank robbery, but convicted only on a theory of, and under jury

instructions for, aiding and abetting armed bank robbery.

Spinney's  his citation to Rule 60(b) is irrelevant.  United

States v. Evans, 224 F.3d 670, 672 (7th cir. 2000) (in

determining whether post-conviction motion is second §2255 motion

"the caption that a defendant puts on the motion is irrelevant");

cf. Gonzalez v. Crosby, 125 S.Ct. 2641, 2647 (2005) ("We

therefore must decide whether a Rule 60(b) motion filed by a

habeas petitioner is a 'habeas corpus application' as the statute

uses the term."). He is in fact challenging the validity of his

conviction while he remains in custody on the sentence imposed

for that conviction. Such a claim is properly characterized as a

motion to set aside, vacate or correct sentence under 28 U.S.C.

§2255. United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir.

1976) (28 U.S.C. § 2255 grants jurisdiction over post-conviction

claims attacking the "imposition or illegality of the sentence").

See also United States v. Barrett, 178 F.3d 34, 38 (1st Cir.

1999) (a prisoner cannot "evade the restrictions of Section 2255

by resort to the habeas statute, 28 U.S.C. §2241"). Accord,

Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)

(dismissing 2241 petition that stated claim under section 2255);

Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981)

("[a]ttacks on the underlying validity of a conviction must be

brought under  28 U.S.C. §2255, not 28 U.S.C. §2241(c)"); Ojo v.

INS, 106 F.3d 680, 681 (5th Cir. 1997)(errors that occurred

before sentencing must be addressed in a section 2255 petition

filed in the sentencing court).

   As a §2255 motion, Spinney's motion is procedurally barred

on multiple grounds. First, even if it was timely filed within

one year from the date on which his judgment for armed bank

robbery became final, he could not litigate a claim for the first

7

time under §2255 without meeting the cause and prejudice standard

applicable to post-conviction claims.  See United States v.

Frady, 456 U.S. 152, 170 (1982).  Under the cause prong of this

standard, a defendant must establish that "some objective factor

external to the defense" impeded his efforts to raise the issue

at an earlier juncture.  See Coleman v. Thompson, 501 U.S. 22,

753 (1991).  Under the prejudice prong, the defendant must

demonstrate that the alleged error "worked to his actual and

substantial disadvantage, infecting his entire trial with error."

Frady, 456 U.S. at 170.  The cause and prejudice standard is more

stringent than the plain error standard that is applied on direct

appeal to defaulted claims.  Id. 164-166.

Second, §2255 motions must be filed within one year of the

date on which the judgment of conviction became final unless one

of three other sets of circumstances, none of which are

applicable here, control.  28 U.S.C. §2255.  Spinney's motion was

filed years after his conviction became final, even if the date

the second amended judgment was entered on the docket (January

24, 1997) is used as that date.

Third, as a second or successive §2255 motion, this Court

lacks jurisdiction to consider its merits unless and until leave

is granted by the First Circuit, granting Spinney permission to

file the motion in the district court.  United States Court of

Appeals for the First Circuit Local Rule 22.2.

4.    **The Merits**

Ultimately, it matters not one bit whether this Court

considers Spinney's motion as a second or successive §2255 motion

a Rule 60(b) motion, or some sort of motion addressed to the

inherent power of the court.  His basic claim attacking the

indictment under which he was convicted is meritless.  Spinney

was properly charged with armed bank robbery.  Although the

language of the indictment was phrased as though Spinney was a

principal to the crime, the face of the indictment concluded with

the following: "All in violation of Title 18, United States Code,

Sections 2113(d) and 2."

Spinney's legal argument, whether phrased in terms of fraud

or not, is foreclosed by the First Circuit's decision in United

States v. Sanchez, 917 F.2d 607 (1st Cir. 1990), a case that was

tried in this session of the district court.  In Sanchez, the

defendant was indicted as a principal, but tried and convicted as

an aider and abetter.  The indictment was not phrased in terms of

aiding and abetting, and the indictment did not mention 18 U.S.C.

§2.  The First Circuit rejected Sanchez's challenge to his

conviction, as follows:

> The contention fails, essentially because "aiding and
> abetting" is not a separate offense. [citations
> omitted]  Title 18 United State Code, Section 2,
> "simply makes those who aid and abet in a crime
> punishable as principals." [citations omitted]  Aiding
> and abetting is "an alternative charge in every . . .
> count, whether explicit or implicit." [citations
> omitted]  A defendant can be convicted of aiding and

abetting the commission of a substantive offense "upon
a proper demonstration of proof so long as no unfair
surprise results." [citations omitted].

<u>Sanchez</u>, 917 F.2d at 611.   The First Circuit went on to hold:

"that the government may rely on an 'aiding and abetting' theory,

although the indictment neither alleges nor adverts to it, except

on a showing of unfair surprise."  <u>Id</u>.  Here, there can be no

showing of unfair surprise because, as recommended by the <u>Sanchez</u>

court, <u>id</u>. at 611, n.3, the government noted a reference to the

aiding and abetting statute on the face of the indictment.

## 5.   **Conclusion**

Accordingly, it follows that Spinney's post-conviction

motion attacking the legality of his conviction for armed bank

robbery is procedurally barred and substantively without merit.

His motion should be considered by this Court as a second and

subsequent §2255 motion, filed beyond the one year statute of

limitations applicable to such motions, and barred by the cause

and prejudice standard also applicable to such motions, and be

denied, and this proceeding dismissed.  In any event, whether

considered under §2255 or any other conceivable authority vested

in this Court, the motion should be denied on its merits.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Timothy Q. Feeley
TIMOTHY Q. FEELEY
October 4, 2005          Assistant U.S. Attorney

CERTIFICATE OF SERVICE

        This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

                Jeffrey W. Spinney
                Reg. No. 15468-018
                FCI-McKean
                P.O. Box 8000
                Bradford, PA 16701

    This 4th day of October 2005.

                                /s/ Timothy Q. Feeley
                                TIMOTHY Q. FEELEY
                                ASSISTANT UNITED STATES ATTORNEY