UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEFFREY WARREN SPINNEY   )
                         )
         v.              )   Criminal No. 05-11796-DPW
                         )
UNITED STATES OF AMERICA )
                         )

**DEFENDANT'S RESPONSE TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S FOR RELIEF FROM JUDGMENT PURSUANT TO FED.R.CIV.P. 60(b)(6)**

The Defendant Jeffrey W. Spinney (Spinney) asks the Court to consider this motion under Fed.R.Crim.P 60(b)(6), and not as a second successive 28 U.S.C § 2255. Spinney relies on extraordinary circumstances. In particular, the charges included in his indictment, or lack thereof.

As the Court knows, without a legal indictment any judgement becomes invalid and moot. The courts have consistently recognized that Rule 60(b)(6) "provides courts with authority 'adequate to enable them to vacate judgements whenever such action is appropriate to accomplish justice.'" Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864 (1988)(quoting Klapprott v. United States, 335 U.S. 601, 614-615 (1949)).

Rule 60(b)(6) has an unquestionably valid role to play in habeas cases. The Rule is often used to relieve parties from the effect of a default judgement mistakenly entered against them, e.g., Klapprott, 335 U.S. at 615. (opinion of Black, J.), a function as legitimate in habeas cases as in run-of-a-mine civil cases. The Rule

(1)

also preserves parties' opportunity to obtain vacatur of a judgement that is void for lack of subject-matter jurisdiction— a consideration just as valid in habeas cases as in any other, since absence of jurisdiction altogether deprives a federal court of the power to adjudicate the rights of the parties. <u>Steel Co. v. Citizens for Better Enviroment</u>, 523 U.S. 83, 94, 101 (1988). In some instances, we may not, it is the State, not the habeas petitioner, that seeks to use Rule 60(b), to reopen a habeas judgement <u>granting</u> the writ. See, e.g., <u>Ritter v. Smith</u>, 811 F.2d 1398, 1400 (11th Cir. 1987).

    Spinney asserts that a proper Rule 60(b)(6) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings which permits the court to relive the party from the effect of a final judgement.

<u>PROCEDURAL HISTORY</u>

    Spinney respectfully submits that a recital of the procedural history on this matter is warranted because the government barely touched on the subject (indictment) which is the crux of the immediate petition.

    Defendant was the second of two defendants to be charged and prosecuted in the District of Massachusetts for the armed bank robbery for the Lowell Institution for Savings located 350 Westford street, Lowell, Massachusetts. The robbery occurred on August 20, 1991.

    On October 3, 1991, the federal grand jury handed down an indictment, under the name John Doe, charging defendant Paul J. Kirvan with armed bank robbery in violation of 18 U.S.C § 2113(d)

(2)

and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C § 924(c).

On December 16, 1993, the federal grand jury handed down a three count indictment in the name of John Doe, charging defendant Spinney with count one being in violation of 18 U.S.C § 371, conspiracy, count two being in violation of 18 U.S.C § 2113, armed bank robbery, count three being in violation of 18 U.S.C § 924(c), using a firearm in relation of a crime of violence. The indictment lacked the charge alleged by the United States Attorney's Office, that charge being 18 U.S.C § 2.

On April 4, 1994, before trial commenced the Assistant United States Attorney, Timothy Feeley, dismissed count one of the indictment. At this time indicating to the defense that the immediate case would be tried under the aiding and abetting theory. After a four day trial defendant Spinney was convicted of 18 U.S.C. § 2113(d) and 18 U.S.C § 2, and 18 U.S.C § 924(c), and again, 18 U.S.C § 2. It should be noted that the period between arraingnment to the start of the trial was approximately seventy days.

## RULE 60(b)(6) MOTION

Spinney concedes that under Rule 60(b)(3), he is procedurally barred by the one-year statute of limitation applicable to motions under this provision.

Spinney's Rule 60(b)(6) motion, concerning the indictment, is the crux of this petition. The defendant disagrees with the government's opposition motion, at page 10, where they insinuate that 18 U.S.C § 2 is "on the face of the indictment." The First Circuit has repeatedly ruled that "aiding and abetting is not a

(3)

separated offense that it is "an alternative charge in every...count, whether explicit or implicit." A defendant can be convicted of aiding and abetting the commission of a substantive offense "upon a proper demonstration of proof so long as no unfair surprise results." See generally United States v. Sanchez, 917 F.2d 607, 611 (1st Cir. 1990).

This whole argument can be summed up in two parts. First, was defendant Spinney denied his right to a fair trial, by the sudden revelation at the start of the trial, by the government's tactical choice to forego the conspiracy count and insert the aiding and abetting theory? Second, did the United States Attorney dismiss the indictment in its entirety once he dismissed count one of the indictment?

**DEFENDANT SPINNEY WAS DENIED A FAIR TRIAL WHEN THE GOVERNMENT FAILED TO NOTIFY THE COURT OF ITS INTENTION TO AMEND THE INDICTMENT.**

The government, AUSA Feeley, stated at defendant Spinney's arraignment hearing that "Mr. Spinney was involved with Mr. Kirvan in the thirty minutes leading up to the robbery in casing the bank in additionally was involved with Mr. Kirvan as his get-away car driver/accomplice." ibid at 7. At no time did the government inform the Court that the defendant is being tried as an aiding and abetter. In fact, the government informed the Court that the overtacts alleged in the indictment where related to the conspiracy count. Ibid at 6-7. See exhibit 3.

Defendant directs the Court to the indictment included in the appendix of his original 60(b)(6) motion at Appendix page 9 referring to the direct examination of Agent Galbreath.

> Q. Now, was a photo spread of, including a photograph of Mr. Jeffrey Spinney, ever shown to Mr. Robinson?

(4)

A. Yes.

       Q. Was he able to make any identification upon viewing
          the photo spread.

       A. No.

       Q. Did he--when I say "any identification," did he
          identify any persons in the photo spread as the
          passenger that he has seen exit that vehicle?

       A. No.

<u>Ibid</u> at 9-10

Prior to testifying at the grand jury, Agent Galbreath testified at co-defendant Kirvan's trial, that witness Mr. Robinson did infact pick out a picture from the photo spread. That person was not defendant Spinney. AUSA Feeley knowingly mislead the grand jury. Furthermore see appendix at page 17.

       Mr. Feeley:  I have nothing further of Agent Galbreath. Any
                    questions? Yes?

       Grand Juror: Can I ask the age of Jeff Spinney?

       The Witness: The age--I, I can give you an approximate.
                    He's near 30 years of age. That's not an
                    exact. Yes?

       Grand Juror: The stolen car, the Monte Carlo, was that
                    dusted for fingerprints and were any found?

       The Witness: Yes, it was dusted for prints. Those were
                    sent to the laboratory. We did not have any
                    that were identified as being Mr. Spinney's.

       By Mr. Feeley:

       Q. In the surveillance photos, is it possible to see
          whether the robber was wearing gloves?

       A. Yes. He is wearing gloves.

<u>Ibid</u> at 17-18

Again, AUSA Feeley, knowingly mislead the jury. All surveillance photos are related to the bank robber inside the bank. It was never

(5)

The grand jury asked specifically about Mr. Spinney's fingerprints in the stolen vehicle. Mr. Feeley, in turn, asked the misleading question that inferred to surveillance photos showing Mr. Spinney wearing gloves. Mr. Feeley knows that the government does not possess any surveillance photographs of that nature.

Through a Freedom Of Information Act request, thereabout the year 2000, Mr. Spinney acquired a memorandum that raises several interesting questions. It is important to note that for the past twelve years, Mr. Spinney, has maintained his innocence towards the alleged bank robbery. From both the information turned over by the government and from prior testimony during defendant Kirvan's trial, the government maintains that Mr. Spinney and Mr. Kirvan were the only two suspects/defendants. No one else was involved.

However, the memorandum shows, contrary to the government's assertion, that there is a third suspect. Mr. Spinney now believes that the government has actually spoken with the get-away driver/accomplice and it is not Spinney. The government was obligated to inform the grand jury of whose fingerprints were identified in both the stolen car and Mr. Kirvan's own vehicle. It is respectfully submitted that "whoever" made the proffer to the government is in fact the driver of said vehicles. The key word in the memorandum is "from". See exhibit 1. Furthermore, Cf. exhibit 2 (excerpts from Mr. Spinney's bail hearing held before Honorable Judge Woodlock.)

> Mr. Feeley: Your Honor, the evidence at Mr. Kirvan's trial was as follows: On August 20th, 1991--
>
> The Court: Let me stop you with just the evidence at Mr. Kirvan's trial. Why wasn't the defendant prosecuted before this? I mean, if the evidence was clear at Mr. Kirvan's trial, why wasn't the defendant indicted?

> Mr. Feeley: There were a number of reasons, Your Honor, primarily that it was thought by the Government that cooperation would be obtained from Mr. Kirvan, in particular. Proffers were invited before the trial of Mr. Kirvan, after the trial, at the time of his appeal and after the decision of the First Circuit. On each occasion, Mr. Kirvan **declined to provide such a proffer.** Mr. Kirvan's case actually concluded only very recently with his resentecing in Judge Harrington's session of this court.

Ibid at exhibit 2.

Moreover, this memorandum questions the credibility of Special Agent Galbreath and the integrity of the United States Attorney's Office. It is plain to see that this case was reassigned on February 18, 1993. Defendant Spinney has the right to both talk with and subpoena any witness that may have information that could aid his defense! However, Mr. Spinney was never made aware of the reassignment.

After Mr. Spinney was arraigned, and after the government turned over their initial discovery, the defense in preparation for trial focussed on the bank robbery, testimony of the eye witness, and the physical evidence connected with the bank robbery. In fact, with all the information provided by the government there was nothing linking defendant Spinney with the bank robbery and events thereafter. The only evidence held against Mr. Spinney was the eye witness account of a FBI agent and inferences made from before the bank robbery. The government used this evidence to secure an indictment and charged defendant Spinney with violating 18 U.S.C § 371; 18 U.S.C § 2113(d), and 18 U.S.C § 924(c).

The government using the FBI agent's testimony and inferences made therefrom, changed the charge in the indictment from conspiracy to aiding and abetting. The elements of these two distinctive charges

are very similar. The biggest difference being that the government is able to obtain a harsher penalty for the defendant. The Government was able to prepare for trial knowing that the defense would be preparing for trial using the vague and misleading indictment. This was not a tactical maneuver, but a deliberate attempt to both confuse and surprise the defense. By giving the jury the defected grand jury minutes, the government was able to mislead the petit jury into convicting Mr. Spinney as a principle in a substantive crime instead of what is charged in 18 U.S.C § 371 (conspiracy). Making these changes may be allowed in most circumstances and can be interpreted as a tactical move by the government. However, in this instance, it assured the government an unfair advantage by misleading the defense in its quest to prepare for trial. The government by knowingly inferring to something that they know to be false, tested not only the integrity of the court, but also made a mockery of our Constitution.

**WHEN THE GOVERNMENT DISMISSED COUNT ONE OF THE INDICTMENT, IN EFFECT THEY DISMISSED THE WHOLE INDICTMENT.**

Simply put, to be charged with aiding and abetting, you must do something that assists somebody in the commission of a substantive crime. It is clear from the face of the indictment that all acts leading up to this particular bank robbery involves a conspiracy between two individuals. Any and all inferences made beyond this point were knowingly misleading, making such inferences unreliable and open to interpretation. The United States Attorney's Office could not have secured an indictment for 18 U.S.C. § 2113(d) and 18 U.S.C § 924(c) without these misleading inferences. The only overt acts alleged in the indictment that have any validity deals

with the actions of the individuals before the robbery and are directly related to count one of the indictment 18 U.S.C § 371 (conspiracy).

When the government dismissed count one of the indictment, they did in effect dismiss any act that Mr. Spinney could stand trial for. In particular, the government explained to the Honorable Magistrate Judge Zachary Karol during Mr. Spinney's arraignment:

> Mr. Feeley: Your Honor, I'd like to draw this Court's attention to the conspiracy count against Mr. Spinney charging him with conspiracy to commit bank robbery with an individual by the name of Paul J. Kirvan, K-I-R-V-A-N.
>
> The overt acts alleged in furtherance of the conspiracy, Your Honor, indicate that...or it is alleged and established by a standard of probable cause by the return of an indictment that on August 20th, 1991, Paul Kirvan, wearing a mask and carrying a handgun, entered the Lowell Institution for Savings at 350 Westford Street in Lowell, Massachusetts, and robbed that bank for approximately forty-five hundred dollars ($4,500.00).
>
> That is the robbery that is charged in Count II against Mr. Spinney in this indictment.
>
> The other overt acts of the conspiracy count, Your Honor, alleged that Mr. Spinney was involved with Mr. Kirvan in the thirty minutes leading up

(9)

to the robbery in casing the bank and additionally was involved with Mr. Kirvan as his get-away car driver/accomplice.

I bring that to the Court's attention because, as Exhibit No. 2, I'd like to mark the indictment against Paul J. Kirvan in this Court, Criminal No. 91010275-H, which charges Mr. Kirvan with two counts, both involving the same robbery that is charged against Mr. Spinney in the three-count indictment before the Court today.

<u>Ibid</u> at 5-6

The United States Attorney should have sought a superceding indictment against defendant Spinney charging him with 18 U.S.C § 2113(d) and 18 U.S.C § 2. Furthermore, the Court turned over to the petit jury the flawed indictment for reference during their deliberation.

The wording between statutes 18 U.S.C § 371 and 18 U.S.C § 2 are so similar that it would not only be confusing, but nearly impossible for a Juror to fully comprehend. Deliberate deception of a Court and jurors by presenting **what is known to be false** evidence is incompatible with rudimentary demands of justice.

The general duty of a grand jury is to guide the rights and liberties of the people by protecting them from unfounded criminal prosecution <u>by means of assessing whether there is adequate basis for bringing a criminal charge, but not necessarily by determining guilt or innocence.</u>

## CONCLUSION

**Wherefore,** for the foregoing reasons, defendant Spinney moves this Honorable Court to review these motion under Rule 60(b)(6), strike down the indictment, grant an evidentiary hearing, and any other relief this Court feels in necessary. **AFFIANT FURTHER SAYETH NAUGHT.**

Respectfully submitted,

Date: 10-24-2005

Jeffery Spinney, pro se
Reg. No. 15468-018
FCI-McKean County
P.O. Box 8000
Bradford, PA 16701

as to the foregoing, defendant swears the facts herein are true and correct to the best of his knowledge and belief under the penalty of perjury, per 28 U.S.C § 1746.

Date: 10-24-2005

## CERTIFICATE OF SERVICE

I, Jeffrey Spinney, hereby certify that a true copy of the foregoing **DEFENDANT'S RESPONSE** has on this date been served upon Timothy Feely, A.U.S.A, by depositing a copy in the U.S. mails, postage prepaid, addressed as follows:

Timothey Feeley, A.U.S.A
U.S. Attorney's Office, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

Date: 10-24-2005

# EXHIBIT



1

**Memorandum** 

| | | |
|---|---|---|
| To : | SAC, BOSTON (91A-BS-58817)(P) | Date  2/4/93 |
| From : | SA ███████████ (C-6) | |
| Subject: | PAUL JOSEPH KIRVAN; JEFFREY W. SPINNEY; LOWELL INSTITUTION FOR SAVINGS, 350 WESTFORD STREET, LOWELL, MASSACHUSETTS; 8/20/91; BR(A) OO:BS | b7C |

In view of the recent proffer from ███████ and Special Agent (SA) ███████ familiarity with the ███████ cases, and in view of the need to centralize investigations of JEFFREY SPINNEY's activities on the North Shore area of Boston, it is suggested that this case be re-assigned to SA ███████

2-Boston (91A-BS-58817)
JLG/pap
(2)

ARMED AND DANGEROUS

1*



# EXHIBIT



2

```
 1                UNITED STATES DISTRICT COURT

 2                  DISTRICT OF MASSACHUSETTS

 3       * * * * * * * * * * * * * * *
                                      *
 4       UNITED STATES                *
                       Plaintiff      *
 5                                    *
            VERSUS                    *   CR-93-10345-WD
 6                                    *
         JEFFREY SPINNEY              *
 7                     Defendant      *
                                      *
 8       * * * * * * * * * * * * * * *

 9           BEFORE THE HONORABLE DOUGLAS P. WOODLOCK

10              UNITED STATES DISTRICT COURT JUDGE

11                       BAIL HEARING

12                    FEBRUARY 8, 1994

13       APPEARANCES:

14           TIMOTHY FEELEY, ESQ, Assistant United States
             Attorney, United States Attorney Office, 1107
15           Post Office & Courthouse Bldg, 90 Devonshire
             Street, Boston, Massachusetts  02109, on behalf
16           of the United States

17           DIANA L. MALDONADO, ESQ, Federal Defender's Office,
             125 Pearl Street, Boston, Massachusetts  02110,
18           on behalf of the Defendant

19

20                            Courtroom No. 8 - 2nd Floor
                              Post Office & Courthouse Bldg.
21                            Boston, Massachusetts 02109
                              12:10 P.M. - 1:10 P.M.
22

23           Pamela R. Owens - Official Court Reporter
                204 Post Office & Courthouse Building
24                   Boston, Massachusetts  02109

25       Method of Reporting:  Computer-Aided Transcription
```

4

1  escape from prosecution in this court. And I find that
2  quite a remarkable case for enlargement on bail. Having
3  said that, I have to go through and evaluate each of the
4  several elements.
5        MR. FEELEY: Your Honor, the evidence at Mr.
6  Kirvan's trial was as follows: On August 20th, 1991 --
7        THE COURT: Let me stop you with just the
8  evidence at Mr. Kirvan's trial. Why wasn't the defendant
9  prosecuted before this? I mean, if the evidence was clear
10 at Mr. Kirvan's trial, why wasn't the defendant indicted?
11       MR. FEELEY: There were a number of reasons,
12 Your Honor, primarily that it was thought by the
13 Government that cooperation would be obtained from Mr.
14 Kirvan, in particular. Proffers were invited before the
15 trial of Mr. Kirvan, after the trial, at the time of his
16 appeal and after the decision of the First Circuit. On
17 each occasion, Mr. Kirvan declined to provide such a
18 proffer. Mr. Kirvan's case actually concluded only very
19 recently with his resentencing in Judge Harrington's
20 session of this court.
21       THE COURT: So, we'll not have testimony of Mr.
22 Kirvan in this case?
23       MR. FEELEY: That's correct, Your Honor. But
24 that is the basic reason for the delay between the two
25 indictments.

# EXHIBIT



3

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


      ----------------------------------
           UNITED STATES OF AMERICA      :
                                         :
                        v.               :   CRIMINAL NO.
                                         :   93-10345-DPW
           JEFFREY SPINNEY               :
      ----------------------------------
```

U.S. Post Office & Courthouse
Boston, Massachusetts

Friday, January 28, 1994


BEFORE:

  HON. ZACHARY R. KAROL, U.S. MAGISTRATE JUDGE


APPEARANCES:

  OFFICE OF THE UNITED STATES ATTORNEY, (By Timothy Q.
    Feeley, Esq.), 1003 Post Office and Courthouse
    Building, Boston, Massachusetts 02109, on behalf
    of the Government.

  OFFICE OF THE FEDERAL DEFENDER, (By Diana L.
    Maldonado, Esq.), 125 Pearl Street, 3rd Floor,
    Boston, Massachusetts 02110, on behalf of the
    Defendant.

---

*Linda M. Dionne*
*Certified Court Transcriber*
*11 Whiting Avenue*
*Walpole, MA  02081*
*(508) 668-7366*

1  jury indictment is sufficient to establish probable

2  cause for purposes of triggering the rebuttable

3  presumptions in Section 3142(e)."

4       (pause)

5       THE COURT: Okay.

6       I take it up until this point, there's no dispute;

7  is there, Miss Maldonado?

8       MS. MALDONADO: No, Your Honor.

9       (pause)

10      MR. FEELEY: Your Honor, I'd like to draw this

11 Court's attention to the conspiracy count against Mr.

12 Spinney charging him with conspiracy to commit bank

13 robbery with an individual by the name of Paul J.

14 Kirvan, K-I-R-V-A-N.

15      The overt acts alleged in furtherance of the

16 conspiracy, Your Honor, indicate that ... or it is

17 alleged and established by a standard of probable cause

18 by the return of an indictment that on August 20th,

19 1991, Paul Kirvan, wearing a mask and carrying a

20 handgun, entered the Lowell Institution for Savings at

21 350 Westford Street in Lowell, Massachusetts, and robbed

22 that bank for approximately forty-five hundred dollars

23 ($4,500.00).

24      That is the robbery that is charged in Count II

against Mr. Spinney in this indictment.

The other overt acts of the conspiracy count, Your Honor, allege that Mr. Spinney was involved with Mr. Kirvan in the thirty minutes leading up to the robbery in casing the bank and additionally was involved with Mr. Kirvan as his get-away car driver/accomplice.

I bring that to the Court's attention because, as Exhibit No. 2, I'd like to mark the indictment against Paul J. Kirvan in this Court, Criminal No. 91-10275-H, which charges Mr. Kirvan with two counts, both involving the same robbery that is charged against Mr. Spinney in the three-count indictment before the Court today.

Mr. Kirvan was charged under 18, United States Code, Section 2113(d) with armed robbery, armed bank robbery and also under 18, United States Code, Section 924(c), using a firearm during or in relation to a crime of violence.

Mr. Kirvan was convicted in this Court of both counts of that indictment.

(Whereas, Government's Exhibit 2, the document above-referred to, was marked for identification.)

MR. FEELEY: And as the next exhibit, I'd like to introduce the judgment of conviction, dated January 20th, 1994, that relates to the indictment of Mr. Kirvan