```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


JEFFREY W. SPINNEY            )
                              )    CIVIL ACTION NO.
         v.                   )    05-11796-DPW
                              )
UNITED STATES OF AMERICA      )
```

MEMORANDUM AND ORDER
November 4, 2005

    The petitioner in this matter, who was convicted of bank robbery and sentenced by me in 1994, seeks to have me "strike down the indictment" upon which his conviction rests.

    The petitioner, since his judgment of conviction was affirmed in part, <u>United States v. Spinney</u>, 65 F.3d 231 (1st Cir. 1995), twice unsuccessfully sought relief from me under 28 U.S.C. § 2255.  <u>See</u> Civil Action Nos. 97-10935-DPW and 01-10986-DPW. While he styles this new collateral attack on his conviction as a "Motion for relief from judgment via: Federal Rules of Civil Procedure 60(b)(6)," the motion in substance is one raising claims for relief which must be sought under 28 U.S.C. § 2255. <u>Gonzalez v. Crosby</u>, 125 U.S. 2641 (2005).  Accordingly, I instructed the clerk to open a new § 2255 docket for the proceeding.  However, I find having done so, I am without authority to address his claims on the merits because he is barred from presenting them in this court through § 2255.

    First, the petitioner's claims are untimely.  His conviction became final no later than January 24, 1997, when his second

amended judgment was docketed in the underlying criminal case. Section 2255 contains a limitation period which provides, with certain exceptions and refinements not relevant here, that a petition is time barred if brought more than one year after the defendant's conviction became final.

Second, this is a successive § 2255 petition following two previous unsuccessful § 2255 actions. Successive petitions such as this must be preceded by an application for authorization by the Court of Appeals pursuant to Local Rule 22.2 of the United States Court of Appeals for the First Circuit. See generally Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997). The defendant's failure to obtain such authorization provides a separate and independent grounds for dismissing the instant request for relief.

The clerk is hereby directed to DISMISS this case.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE